SullivaN, J.
Case. The declaration contains six counts. The first count states that Bodley being the owner of a lot in the town of Covington, on which there was a frame building, was desirous to effect an insurance on said building against loss by fire; that he applied to the defendant, who was an agent of the Indiana Mutual Fire Insurance Company, to make such insurance; that at the special instance and request of the defendant, and for the purpose of effecting said insurance, he delivered to defendant a blank application, a premium note, &c., which defendant received; he also paid to defendant five dollars, being ten per cent, on the amount of the premium note, and the further sum of one dollar as a fee to the clerk of the Insurance Company for writing out the policy. The count then states that defendant, in consideration of the premises, agreed and undertook to fill up said blank application and to effect the insurance, but that he wholly failed to do so until, &c., when the building was destroyed by fire. The second and third counts state the inducement substantially as it is stated in the first count, and aver that the defendant, in consideration thereof, agreed and undertook to procure a policy, &c., but that he wholly failed to do so, until, &c., when a fire broke out, &c. *168 The fourth count is, that the plaintiff had employed the defendant as agent to effect said insurance, and thereupon in consideration that the plaintiff had signed a certain instrument of writing commonly called an application, together with a premium note, paid the defendant a fee, &c., it became the duty of the defendant to cause said insurance to be effected, &c.; yet the defendant wholly failed and neglected to make said insurance until, &c., when the building was destroyed by fire; whereby and by reason of the negligente and carelessness of the defendant, the plaintiff hath sustained great loss, &c. The fifth and sixth counts charge the defendant with negli-<jence as the agent *of the plaintiff. General demurrer and judgment for defendant.
There are various questions submitted for the consideration of the Court, but if the first point raised be for the defendant, it will not be necessary to notice the rest. The defendant insists that there is a misjoinder of counts, and for that reason the Circuit Court did right in sustaining the demurrer.
In the first, second and third counts, it is alleged that the defendant, in consideration of certain things done by the plaintiff, agreed and undertook to effect an insurance on the plaintiff’s house. The words “agreed and undertook” amount to a promise. It is not necessary that the word promised should be used, the word agreed being equivalent to it. Mountford v. Horton, 2 New R., 62. In those counts the plaintiff seeks to make the defendant liable on the contract, and not on the violation of any common law duty arising from-the contract.
The fourth, fifth and sixth counts are ex delicto. They are framed in case, and are founded on the negligence of the defendant in the performance of a duty which he had undertaken to discharge. The ease of Corbett v. Packington, 6 B. &. C., 268, illustrates the distinction between a count in case, and a count in assumpsit. ,
There is, therefore, a misjoinder of counts, which is fatal not only on demurrer, but in arrest of judgment, or on writ of error. Corbett v. Packington, supra; Cooper v. Bissell, 16 Johns. R., 146; 1 Chitt. Pl., 205.
D. Mace, IP 8. Lane, and 8. C. Willson, for the appellant.
T. A. Howard and R. C. Gregory, for the appellee.
On account of the misjoinder, the judgment of the Circuit Court is affirmed.
Per Curiam.—The judgment is affirmed with costs.